218 F.2d 591
 Joseph ADELKOPF and Flora Rothenburg, individually and as administrators of the Estate of Esther Adelkopf, late of Stamford, Connecticut, deceased,
v.
Glenwood J. SHERRARD, Assistant Director, Office of Defense Mobilization.
 No. 669.
 United States Emergency Court of Appeals.
 Submitted December 29, 1954.
 Decided January 12, 1955.
 
 Julius B. Kuriansky, Stamford, Conn., for complainants.
 Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Chief, General Litigation Section, and Andrew P. Vance, Atty., Dept. of Justice, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complainants in this case ask this court to set aside five orders of the Area Rent Director of the Bridgeport, Connecticut, Defense-Rental Area, entered on April 21, 1952, decreasing the maximum rents for five apartments owned by their decedent at 32 Greenwood Hill, Stamford, Connecticut. These orders decreased the maximum rents retroactively and directed the complainants to make refunds to the tenants aggregating $1,860. A civil action to enforce the orders was brought by the United States against the complainants in the United States District Court for the District of Connecticut, Civil Action No. 4054, and resulted in a judgment being entered against them on April 19, 1954. On April 23, 1954 the complainants secured from the District Court, pursuant to section 408(d) of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2108 (e),[1] an order staying the proceedings and granting leave to file the present complaint in this court to determine the validity of the orders upon which the judgment was based.
 
 
 2
 The respondent filed an answer to the complaint and also a motion to strike certain portions of it and to dismiss it in toto. This court granted the motion to strike certain portions of the complaint but denied the motion to dismiss it. The complainants then filed an application for leave to introduce evidence which the court granted, directing the evidence to be taken by the respondent as required by the Act. Evidence was introduced by the complainants. When the respondent came to consider the whole record in the light of this evidence he reached the conclusion that the Area Rent Director's orders under attack in this proceeding were in error and unlawful insofar as they reduced complainants' rents retroactively to August 15, 1950 (three apartments), September 15, 1950 (one apartment), and October 15, 1950 (one apartment). He accordingly entered an order on November 19, 1954 so finding and amending the said orders to remove the provisions requiring retroactive reductions in the rents.
 
 
 3
 Thereafter the respondent filed in this court a suggestion that his order has granted the complainants all the relief they seek from this court and that the present proceedings have, therefore, become moot. With his suggestion he filed a copy of his order of November 19, 1954. The complainants, on the contrary, assert that the proceedings are not moot since the judgment of the District Court based on the unlawful orders remains outstanding against them and they have filed a motion for judgment in their favor on the pleadings including the respondent's order. In view of the action which we propose to take upon this motion it becomes unnecessary for the parties to proceed further with the taking of evidence or for the respondent to file a transcript thereof in this court. An order will accordingly be entered vacating our order of October 18, 1954 granting the complainants leave to introduce evidence, without prejudice to proceedings heretofore had under such order.
 
 
 4
 The complainants' motion for judgment must be granted. It is now uncontroverted that the orders of the Area Rent Director here under attack were invalid ab initio insofar as they made retroactive reductions in the complainants' maximum rents and ordered them to make refunds to their tenants. The complainants are, therefore, entitled to have the judgment which the District Court has entered against them vacated to the extent that it is based upon their violation of these invalid refund orders. To accomplish that result is the very office of the present proceeding. For section 408(d) (2) of the Defense Production Act of 1950, as amended, expressly provides that "If any provision of a regulation or order is determined to be invalid by judgment of the Emergency Court of Appeals which has become effective in accordance with section 408(b) of this title, any proceeding pending in any court shall be dismissed, and any judgment in such proceeding vacated, to the extent that such proceeding or judgment is based upon violation of such provision."
 
 
 5
 The respondent suggests that after this proceeding has been dismissed the complainants may secure from the District Court relief from the judgment under Civil Procedure Rule 60(b) (6), 28 U.S.C.A. That may possibly be. However, such relief would be discretionary with the District Court, whereas section 408(d) (2) of the Defense Production Act assures the complainants relief as of right through the judgment of this court upon which the District Court is bound to act. Under the facts of this case, as they now appear of record, the complainants are entitled to the relief they seek.
 
 
 6
 The complaint in this case asks for a judgment setting aside the retroactive provisions of the orders in controversy. Since these provisions have now been rescinded such a judgment is no longer appropriate. But the court still has power to enter a declaratory judgment of invalidity ab intitio to which the District Court must give effect in the enforcement suit against the complainants. Thomas Paper Stock Co. v. Bowles, Em.App.1945, 148 F.2d 831, certiorari dismissed 328 U.S. 50, 56, 66 S.Ct. 884, 90 L.Ed. 1078.
 
 
 7
 Accordingly a judgment will be entered declaring the orders of the Area Rent Director of the Bridgeport Defense Rental Area entered April 21, 1952 decreasing the complainants' maximum rents on five apartments at 32 Greenwood Hill, Stamford, Connecticut, to be invalid ab initio insofar as they reduced the said rents retroactively and directed the complainants to refund such rents.
 
 
 
 Notes:
 
 
 [1]
 Continued in effect as to rent orders by section 204(r) of the Housing and Rent Act of 1947, as added by the Act of April 30, 1953, 67 Stat. 25, 50 U.S.C.A. Appendix, § 1894(r)